UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:14-00090 |
| | ) | JUDGE CAMPBELL |
| JAMAL COOPER, et al. | ) | |

ORDER

Pending before the Court are the following motions: Defendant Clifford Woods' Motion To Sever (Docket No. 458); Defendant D'Ron Robinson's Motion To Sever And To Adopt Motion And Memorandum Of Co-Defendant Clifford Woods (Docket No. 469); Defendant Lonald Ector's Motion To Sever And To Adopt The Motions And Memoranda Of Defendants Clifford Woods And D'Ron Robinson (Docket No. 487); Defendant Wallace Earl Coffey's Motion To Join In Defendant Thomas Barnett's Motion To Sever The Defendant And/Or In The Alternative A Motion to Dismiss, Motion To Sever The Defendant And Motion For Release Of Brady Materials (Docket No. 488); and Defendant Jasmond Foster's Motion To Sever And To Adopt Motion And Memorandum Of Co-Defendants Woods And Robinson (Docket No. 501). The Government has filed a Consolidated Response (Docket No. 523).

The Court entered an Order on September 8, 2015 (Docket No. 750) directing the parties to file any supplemental briefs on or before September 15, 2015. Defendants D'Ron Robinson and Clifford Woods filed notices with the Court that they had no additional briefing to file. Neither the Government nor the other Defendants filed any supplemental materials.

Through their Motions (Docket Nos. 458, 469, 501), Defendants Clifford Woods, D'Ron Robinson, and Jasmond Foster seek to sever Count Fourteen of the Superseding Indictment (Docket No. 17) from the trial of the remaining counts. Through his Motion (Docket No. 487),

Defendant Lonald Ector seeks to sever Counts Fourteen and Sixteen from the trial of the remaining counts. Defendant Wallace Earl Coffey seeks to sever Count Fourteen from the trial of the remaining counts, and seeks to sever the other Defendants for trial. (Docket No. 488).[1] The Government has filed a Response (Docket No. 523) opposing the request for severance.

The Superseding Indictment (Docket No. 17) in this case contains 23 Counts and names 22 Defendants. Since the filing of the Superseding Indictment, Defendant Wallace Beckwith has been dismissed on the motion of the Government (Docket No. 316); Defendant Donquez Groves has pled guilty and has been sentenced by the Court (Docket Nos. 498, 643, 644); and Defendants Robert Foxx and Thomas Barnett have pled guilty and await sentencing. (Docket Nos. 696, 697, 702, 703).

Count One of the Superseding Indictment charges 21 of the Defendants with engaging in a drug trafficking conspiracy involving the distribution of heroin and fentanyl, from California to locations in Tennessee and Alabama, during the time period from the Summer of 2013 to June 2014. (Id.) Count One describes 64 overt acts, including the death of one individual and the non-fatal overdose of three individuals as a result of the use of fentanyl purported to be heroin. (Id.) The remaining counts allege drug trafficking and firearms offenses. (Id.)

Since the pending motions were filed, the Court has granted the Government's Motion (Docket No. 685) To Dismiss Count Fourteen, which alleged a drug trafficking conspiracy

---

[1] Defendant Coffey's Motion To Sever (Docket No. 488) incorporates two motions filed by Defendant Thomas Barnett (Docket Nos. 475 and 481). In one Motion (Docket No. 475), Defendant Barnett sought to sever his case from the trial of the Co-Defendants, and in the other Motion (Docket No. 481), Defendant Barnett sought to sever Count Fourteen for trial. Since filing those Motions, Defendant Barnett has pled guilty. (Docket Nos. 702, 703).

resulting in the death of J.K. (Docket No. 695). Counts Two, Three, Five, Six, Seven, Ten, and Eleven will not be tried as those counts name Defendant Robert Foxx only, and Count Twenty-Three will not be tried as that count names Defendant Donquez Groves only.

Count Sixteen charges Defendants Jamal Cooper, Eric Williams, Darnell Finnels, and Robert Noel with a conspiracy to possess and discharge a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o). Of the remaining counts, Defendant Eric Williams is the sole Defendant named in Counts Four, Nine, Twelve, Fifteen, Twenty, and Twenty-Two; Defendant Jamal Cooper is the sole Defendant named in Counts Eight, Thirteen, Seventeen, Nineteen, and Twenty-One; and Defendant Darnell Finnels is the sole Defendant named in Count Eighteen.

The Court is mindful of the preference for jointly indicted defendants to be tried together in a conspiracy case unless there is a serious risk that a joint trial would compromise the specific trial right of one of the defendants. Fed. R. Crim. P. 14(a); Zafiro v. United States, 506 U.S. 534 (1993). In this case, however, having balanced the interests of the parties, the Court concludes that it is impossible to provide a fair trial to each of the 18 Defendants if they are tried together. First, none of the courtrooms in this District would accommodate seating, security concerns, and the other physical requirements for 18 Defendants without the necessity of performing cost-prohibitive renovations to the facilities. Second, even if such physical concerns could be accommodated, the logistics of arranging full participation for 19 parties during jury selection, opening statements, cross examination, closing statements, and other aspects of the trial, would be overwhelming and most likely result in prejudice to the Defendants. Moreover, requiring the jury to process the evidence involving 18 different Defendants, and multiple charges for some of

those Defendants, would be overly burdensome.

Accordingly, the Court grants severance in this case as follows: Defendants Jamal Cooper, Lonald Ector, Robert Gonzales, and Eric Williams will proceed to trial as scheduled on December 1, 2015, at 9:00 a.m., with a Pretrial Conference on November 16, 2015, at 9:00 a.m. Trial for the remaining Defendants will be set by subsequent order.

The change of plea date for all Defendants remains set for November 13, 2015, at 9:00 a.m.

The Court concludes that the period of delay occasioned by the granting of the continuance for the Defendants who will not be tried on December 1, 2015 is reasonable and excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq. The Court specifically finds that the interests of justice served by granting the continuance outweigh the interests of the public and the Defendants in a speedy trial on the date previously scheduled. 18 U.S.C. § 3161(h)(7)(A),(B). The Defendants are likely to be prejudiced if they are tried together as described above, and the public interest will not be served if such prejudice ultimately requires this case to be retried.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE